UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CRIMSON TRACE CORPORATION, an Oregon corporation,

        Plaintiff,

   v.

LASERMAX, INC., a New York corporation,

        Defendant.

Civil No. 09-57-HA

OPINION AND ORDER

HAGGERTY, District Judge:

    Plaintiff Crimson Trace Corporation (plaintiff) filed its original complaint for Patent Infringement on January 14, 2009, asserting that LaserMax (defendant) maintained three product lines (the Uni-Max, J-Max and Sabre products) that infringed upon plaintiff's United States Patent Nos. 5,179,235 (the '235 patent), 5,435,091 (the '091 patent), 6,671,991 (the '991 patent), and 7,260,910 (the '910 patent). Subsequently, plaintiff served defendant with plaintiff's infringement contentions.

    On July 20, 2009, defendant responded by serving its non-infringement and invalidity contentions. In its responsive pleading, defendant denied infringement, asserted invalidity

1    - OPINION AND ORDER

counterclaims with respect to all four patents, and requested an award of attorney fees under 35 U.S.C. § 285. On July 30, 2009, the parties participated in mediation but failed to reach a settlement.

On September 9, 2009, plaintiff filed a Motion for Leave to File an Amended Complaint and to Partially Dismiss [25]. In this motion, plaintiff seeks to amend its Complaint to assert infringement of a fourth patent, United States Patent No. 7,472,830 ('830 patent), which was issued on January 6, 2009, and to voluntarily dismiss its allegations of infringement regarding its '235 patent. Subsequently, plaintiff filed a Notice withdrawing its request to assert the '830 patent claims.

Defendant opposes aspects of plaintiff's motion, asserting that plaintiff has deployed a classic "scare and run" tactic, attempting first to disparage defendant in the marketplace with claims rooted in an invalid and unenforceable patent (the '235 patent), but now is attempting to "run from an adjudication" of the invalid patent. Although defendant does not oppose dismissal of plaintiff's '235 claims, defendant contends that its related counterclaims should not be dismissed, and that defendant's cross-motion for attorney fees should be granted, or that related discovery should be compelled regarding that fee motion.

## BACKGROUND

The parties manufacture and sell laser sights for firearms. Defendant believes that plaintiff's lawsuit was commenced on the eve of a major trade show intentionally for purposes of harming defendant. Plaintiff issued a press release about the suit, and plaintiff's president attempted to serve plaintiff's Complaint on defendant's president publicly at the opening of the trade show. Defendant then undertook substantial analysis in preparing its 130-page response and contentions regarding plaintiff's suit, and believes it can establish the invalidity of the '235 patent.

After mediation failed, plaintiff provided its proposed amendments of its Complaint to defendant. Defendant responded by providing its proposed amended Answer, which included a request for declaratory judgment finding that the '235 patent "is unenforceable due to inequitable conduct committed by the applicant and/or its representatives through material acts, misrepresentations, and omissions made with an intent to deceive the PTO." Dft. Mem. Opp. at 6.

Within two weeks of the Answer's filing, plaintiff informed defendant that it intended to withdraw the '235 patent from the case. Defendant responded by seeking "an irrevocable covenant by [plaintiff] not to sue [defendant] with respect to the '235 patent" as well as payment by plaintiff "of $100,000 to cover costs and expenses" that had been incurred by defendant. *Id*. (citation omitted). Plaintiff requested that defendant provide authorities in support of its position and, after defendant did so, plaintiff filed this motion.

Plaintiff's covenant provides:

Conditioned solely upon this Court granting [plaintiff's] motion to dismiss [defendant's ] '235 patent counterclaims under 12(b)(1), [plaintiff] covenants not to sue [defendant] for infringement of any claim of United States Patent No. 5,179,235 arising from the past, present or future making, using, selling, offering to sell, or importing into the United States any version of the Uni-Max, J-Max or Sabre devices, in the form such devices existed on or before September 4, 2009. [T]his covenant divests the Court of subject matter jurisdiction and requires dismissal of [defendant's ] First Counterclaim under Fed. R. Civ. P. 12(b)(1).

Pl.'s Mem. Supp. at 7 (citations omitted).

In its supporting memorandum, plaintiff urges this court to dismiss its '235 claims with prejudice, and to recognize that plaintiff's related covenant not to sue for infringing the '235 patent compels dismissal of defendant's declaratory judgment counterclaims. Defendant opposes dismissal of its related counterclaims. Defendant argues that plaintiff's limited covenant fails to extinguish declaratory judgment jurisdiction over its counterclaims, because the proposed

covenant fails to remove the immediacy and reality of the parties' disputes regarding the validity of the '235 patent. Defendant believes that other products it sells could be targeted by plaintiff in a lawsuit similar to what plaintiff filed against defendant last January. Defendant asserts that it is entitled to establish the invalidity of the '235 patent once and for all.

Defendant also contends that plaintiff's proposed dismissal of its '235 claims must account for defendant's claim for related attorney fees. Defendant requests that any dismissal of plaintiff's '235 claims be accompanied by an Order requiring plaintiff to pay defendant the fees incurred by defendant in responding to those claims. Alternatively, defendant seeks leave to conduct effective discovery to establish that an award of fees is appropriate under these circumstances.

The parties are advised that plaintiff's Motion for Leave to File a Sur-reply [40] was granted in part. The court considered the proposed sur-reply and found no need for further briefing from either party on the issues raised.

**ANALYSIS**

    **1.**    **Counterclaim jurisdiction**

Under certain circumstances, when faced with an imminent threat that a patentholder may sue for patent infringement, an alleged infringer may preemptively seek a declaratory judgment of patent invalidity. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127-28 (2007) (a preemptive declaratory relief action for patent invalidity against a patentholder is permissible where there is "sufficient immediacy and reality" of a controversy between the parties). The Supreme Court instructed that a court must consider "all the circumstances," including the particular relationship between the parties and their history, to determine whether there is "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id*. at 127.

Under the totality of the circumstances presented in this case, this court concludes that plaintiff's purported covenant fails to divest the court of jurisdiction. An actual controversy between these parties regarding the validity and scope of the '235 patent and plaintiff's pattern of conduct against defendant's current (and future) products. Counsel for the parties are encouraged to confer in hopes of constructing a sufficiently comprehensive covenant that will obviate the need for defendant's counterclaims. Such a covenant has not yet been presented, however.

**2.     Award of fees**

Defendant also argues that plaintiff's voluntary dismissal of its '235 claims should be accompanied by an award of fees incurred by defendant in defending against those claims. Defendant's request for a fee award is governed by 35 U.S.C. § 285, which provides that "in exceptional cases" the court may award reasonable attorney fees to the prevailing party. This court concurs with defendant that it qualifies as a "prevailing party" regarding plaintiff's '235 claims. *See Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1035-36 (Fed. Cir. 2006) (defendant's claim for fees under 35 U.S.C. § 285 survives a dismissal under Fed. R. Civ. P. 41(a)(2) of plaintiff's infringement claim with prejudice).

Accordingly, defendant's entitlement to fees depends upon whether this qualifies as an "exceptional case" within the meaning of § 285. "In the context of fee awards to prevailing accused infringers, we have observed that § 285 is limited to circumstances in which it is necessary to prevent a gross injustice to the accused infringer, and have upheld findings of exceptionality to prevent such an injustice only when the patentee has procured its patent in bad faith (*i.e.*, committed inequitable conduct before the Patent Office) or has litigated its claim of infringement in bad faith." *Forest Laboratories, Inc. v. Abbott Laboratories*, 339 F.3d 1324, 1329 (Fed. Cir. 2003) (internal quotation marks and citations omitted). "Absent misconduct in the litigation or in securing the patent, a trial court may only sanction the patentee if both the

5     - OPINION AND ORDER

litigation is brought in subjective bad faith and the litigation is objectively baseless." *Serio-US Industries, Inc. v. Plastic Recovery Technologies Corp.*, 459 F.3d 1311, 1322 (Fed. Cir. 2006). Here, defendant must show "by clear and convincing evidence" that this case is "exceptional" within the meaning of § 285. *Forest Laboratories*, 339 F.3d at 1327.

Although the question may be close, defendant has not yet met the high standard required for a determination that an award of fees is warranted. However, defendant is entitled to conduct discovery sufficient for addressing the propriety of fees regarding this matter. In accordance with this Order granting in part plaintiff's motion to amend, plaintiff's counsel are ordered to fully comply with all reasonable discovery efforts undertaken for the purpose of establishing whether defendant should be awarded fees as the prevailing party on the '235 claims. This discovery shall proceed within the parameters of the discovery pertaining to the remaining claims in this action.

### 3. Motion to quash

Plaintiff's law firm requests that this court quash a third-party subpoena issued on October 9, 2009 that purportedly seeks client files from plaintiff's law firm that contain material protected by the attorney-client privilege and the work product doctrine. The motion is granted. Many requests contained in the subpoena appear duplicative, and others pertain to issues resolved in this ruling, which should assist counsel in resolving the discovery disputes. The parties are ordered to proceed with discovery, including discovery pertaining to the propriety of an award of fees to defendant for defending the '235 claims, and to make every effort to cooperate and resolve their discovery disputes. In the wake of this ruling, the parties are encouraged to prepare a joint proposed protective order that addresses the issues raised in the parties' briefing regarding the motion to quash before renewing a motions practice to resolve their disputes.

6       - OPINION AND ORDER

### 4. Request for conference

Plaintiff request a status conference [41]. This request is granted in part. Counsel are ordered to confer after filing their respective amendments to the Complaint and Answer. Counsel shall establish a proposed final schedule for completing discovery, briefing and arguing all matters, lodging a Pretrial Order, and conducting a trial. Counsel shall file a Joint Status Report reflecting their scheduling proposals – and providing a summary of the issues remaining in the litigation – by April 16, 2010. A status conference will be scheduled after that date.

**CONCLUSION**

For the foregoing reasons, plaintiff's Motion for Leave to File Amended Complaint and Partial Motion to Dismiss [25] is granted in part and denied in part as follows: plaintiff is granted to leave to file an Amended Complaint that dismisses with prejudice plaintiff's claims for infringement of United States Patent No. 5,179,235, and reflects plaintiff's recent withdrawal of its request to assert claims related to the '830 patent. Plaintiff's requests to dismiss defendant's related counterclaims, and to invoke a covenant not to sue, are denied. Plaintiff's Motion for Leave to File a Sur-reply [40] is granted in part. The court considered the proposed sur-reply and found no need for further briefing from either party on the issues raised. Plaintiff's Amended Complaint must be filed by March 15, 2010.

Defendant's Cross Motion for Attorney Fees and For Leave to File an Amended Answer [27] is granted in part and denied in part as follows: defendant is granted leave to file an Amended Answer as proposed. The Amended Answer must be filed by March 29, 2010. Defendant's request for an award of fees is reserved, pending completion of full discovery regarding the matter. The court will resolve the question of whether defendant is entitled to fees

for defending the '235 claims – and the proper amount of any fees awarded – within the adjudication of the remaining claims.

The Motion to Quash filed by plaintiff's law firm [36] is granted.  Counsel's subsequent discovery requests – and good faith efforts to comply – shall be in accordance with this ruling and the court's Local Rules requiring cooperation before advancing motions to resolve disputes.

Plaintiff's request for a status conference [41] is granted in part.  Counsel are ordered to confer and establish a proposed final schedule for completing discovery, briefing and arguing all matters, lodging a Pretrial Order, and conducting a trial.  Counsel shall file a Joint Status Report reflecting their proposals by April 16, 2010.  A status conference will be scheduled after that date.

IT IS SO ORDERED.

DATED this  2  day of March, 2010.

       /s/ Ancer L. Haggerty
Ancer L. Haggerty
United States District Judge

8     - OPINION AND ORDER